## APPEAL OF ESTATE OF P. E. O'HAIR.

Docket No. 4184.   Submitted September 23, 1925.   Decided March 30, 1926.

*Andrew T. Smith, Esq., Virgil Y. Moore, Esq.,* and *H. L. Mc-Laren, C. P. A.,* for the taxpayer.
*Thomas P. Dudley, Jr., Esq.,* for the Commissioner.

Before MARQUETTE, MORRIS, LOVE, and GREEN.

The Commissioner has asserted a deficiency in income taxes for the year 1920 in the sum of $7,827.53, all of which is involved in this appeal. The petitioner contends that certain income included by the Commissioner in the gross income of P. E. O'Hair, deceased, was in fact income of P. E. O'Hair & Co., a partnership in which the deceased had no interest.

### FINDINGS OF FACT.

P. E. O'Hair, a resident of San Francisco, Calif., died intestate on October 9, 1923. He was survived by his wife, Cora A. O'Hair, and their five children, Donald, Neil, Ethel, Patrice, and Cora J.

For some time prior to the earthquake and fire which destroyed a portion of the City of San Francisco in 1906, the deceased had been conducting a small plumbing supply business. In this he was assisted by his sons, Donald and Neil, who were of the ages of 21 and 18, respectively. The deceased had been in poor health for some time, and just prior to the fire, upon the advice of his physician, he determined to abandon his business and go to Chico, Calif., hoping there to recover his health and strength. The business was turned

104881—27——69

over to the two sons, who were associated with him, and was to have been conducted by them.

The store and its contents were entirely destroyed by the fire, with the result that O'Hair had liabilities in excess of his assets. Shortly after that O'Hair and his wife and daughters proceeded to Chico, the two sons remaining in San Francisco.

About a month after the fire Donald O'Hair, having at that time some $600 of his own money, established, with his brother, a small plumbing supply business under the name of O'Hair & Proctor. Proctor, a journeyman plumber, had no actual interest in the business other than commissions, and his name was carried only for the purpose of representing to the public and the unions that there was in the firm a qualified plumber. Several months later the deceased returned to San Francisco, and, without contributing any capital to the business, took an active part in its conduct. About 1908 the name was changed to P. E. O'Hair & Co. The father and the mother and each of the five children devoted practically their entire time to the business, and it was at that time generally understood between them that each had an interest in the business. The family all lived together for the purpose of reducing living expenses, and each drew from the business only so much as was necessary for his or her living expenses, and as a result of the joint efforts and economies of all the members of the family the business grew and prospered. In 1915 the deceased sought to obtain from the business funds sufficient to enable him to engage in another enterprise. The sons pointed out to him that he had contributed no capital to the business and that they did not wish to contribute any money to the new venture. The father conceded the fairness of their position, and it was at this time that the parties agreed upon the interest of the respective partners. Under this arrangement the business of P. E. O'Hair & Co., a partnership, was to be owned 50 per cent by Cora A. O'Hair and 10 per cent by each of the five children. Thereafter the partnership was operated under this arrangement until May 1, 1919.

The statutes of California require the filing of a certificate of ownership by businesses operating under a fictitious name, and there was filed for the business of P. E. O'Hair & Co. a certificate setting forth that P. E. O'Hair was the owner thereof. This appears to have been done because of the prominence of the deceased, his reputation for fair dealing, the fact that he was the head of the family, and that his name appeared in the firm name. In 1919 Donald O'Hair consulted an attorney and was advised by him that it was inadvisable to continue the operation of the business in this rather loose and confusing manner. Pursuant to this advice the father executed several assignments, assigning to the wife and chil-

dren any interest he might have in the business. In November, 1919, a partnership agreement was prepared setting forth the interests of the mother and the five children. This agreement was executed by all of the partners except two of the daughters. During the year 1920 the business conducted under the name of P. E. O'Hair & Co. was owned by the mother and the five children as copartners. P. E. O'Hair, deceased, had no interest in the business or in the income therefrom.

*Order of determination will be entered accordingly.*